UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SONNY DAVIS,

      Plaintiff,

          v.

GABRIEL GIONSON, CHRISTOPHER
REKITZKE, BRET ROMEO, LLOYD
ARNOLD, SMILEY,

      Defendants.

CAUSE NO. 3:26-CV-742-TLS-AZ

OPINION AND ORDER

Sonny Davis, a prisoner without a lawyer, filed a complaint alleging he was subjected to excessive force at the Westville Correctional Facility on May 3, 2026. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Davis alleges Sgt. Gabriel Gionson unnecessarily sprayed him three times with a chemical agent while he was secured in his cell. Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (cleaned up). Several factors guide the inquiry of whether an officer's use of force was legitimate

or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* While de minimis uses of force are not actionable, "a prisoner need not suffer 'serious injury' in order to bring an Eighth Amendment claim." *Id.* at 890–91 (citation omitted). The complaint states a claim against Sgt. Gionson for an excessive use of force.

Davis alleges Sgt. Christopher Rekitzke and Lt. Bret Romeo knew Sgt. Gionson was using excessive force, could have stopped him, but did not do so. "An officer who fails to intervene to try to prevent known cruel or unusual force, despite a reasonable opportunity to do so, may be held liable under § 1983." *Wilborn v. Ealey*, 881 F.3d 998, 1007 (7th Cir. 2018) (citation omitted). A "realistic opportunity to intervene may exist whenever an officer could have called for a backup, called for help, or at least cautioned [the other officer] to stop." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005) (cleaned up). The complaint states a claim against Sgt. Rekitzke and Lt. Romeo for failing to intervene to stop Sgt. Gionson from using excessive force against him.

Davis alleges Sgt. Gionson fabricated a conduct report that he fled and resisted. Allegations of false disciplinary reports do not state a claim where due process is afforded. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). This complaint does not say whether Davis was found guilty, if he lost earned credit time, or if he was denied due process during the disciplinary proceedings following the allegedly false conduct reports. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

2

550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (cleaned up). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (cleaned up). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Without more information, the court cannot find this complaint plausibly states a claim against Sgt. Gionson for writing a false conduct report.

Davis alleges Commissioner Lloyd Arnold and Warden Smiley failed to train correctional officers on the proper use of chemical agents. These allegations do not state a claim because failure to train and supervise claims can only be brought against a municipality. *See Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001) (affirming dismissal of failure to train and supervise claims brought against State prison warden (citing *Farmer v. Brennan*, 511 U.S. 825, 841 (1994))). There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596.

For these reasons, the court:

(1) GRANTS Sonny Davis leave to proceed against Sgt. Gabriel Gionson in his individual capacity for compensatory and punitive damages for unnecessarily

spraying him three times with a chemical agent while he was secured in his cell on May 3, 2026, in violation of the Eighth Amendment;

(2) GRANTS Sonny Davis leave to proceed against Sgt. Christopher Rekitzke and Lt. Bret Romeo in their individual capacities for compensatory and punitive damages for failing to intervene to stop Sgt. Gabriel Gionson from using excessive force against him in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Lloyd Arnold and Smiley;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Gabriel Gionson, Sgt. Christopher Rekitzke, and Lt. Bret Romeo at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Gabriel Gionson, Sgt. Christopher Rekitzke, and Lt. Bret Romeo to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 2, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT